WILENTZ, GOLDMAN & SPITZER
A Professional Corporation
90 Woodbridge Center Drive
Post Office Box 10
Woodbridge, New Jersey  07095
(732) 636-8000
Attorneys for Plaintiff
Mee J. Ngai



## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEE J. NGAI,<br><br>          Plaintiff,<br><br>vs.<br><br>PARK AVENUE TRAVEL SERVICE,<br>INC. RETIREMENT TRUST, and PARK<br>AVENUE TRAVEL SERVICE, INC.,<br>individually and as Plan Administrator,<br><br>          Defendants. | **COMPLAINT**<br><br>Case No. 06 CV 6240<br><br>Judge Berman |

       Plaintiff Mee J. Ngai, by and through her undersigned attorneys, by way of

Complaint against Defendants Park Avenue Travel Service, Inc., Retirement Trust (the "Plan"),

and the Park Avenue Travel Service, Inc. ("PATS"), individually and as administrator of the

Plan, states as follows:

### THE PARTIES

      1.     This action arises under ERISA, 29 U.S.C. § 1001, et seq., and is brought

by Plaintiff May Ngai in her capacity as a participant in, and beneficiary of, the Plan within the

meaning of ERISA 3(7) and (8), 29 U.S.C. 1002(7) and (8), to obtain relief pursuant to ERISA

409(a) and 502(a)(1)(B), 29 U.S.C. 1109(a) and 1132(a)(1)(B).

2.      Ms. Ngai is a resident of the State of New Jersey with an address at 7 Pittsburgh Avenue, Piscataway, New Jersey 08854.

3.      PATS is corporation organized and existing under the laws of the State of New York with a principal place of business at 60 East 42nd Street, New York, New York 10165.

4.      The Plan provides pension and profit-sharing benefits to eligible employees of PATS, and constitutes an employee pension benefit plan within the meaning of 3(1)(A) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. 1001 et seq.

5.      At all relevant times, the Plan was established, maintained and administered by PATS.

6.      PATS, as Plan Administrator, is a fiduciary with respect to the Plan within the meaning of ERISA 3(21)(A), 29 U.S.C. 1002(21)(A).

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1331 in that it arises under ERISA 409 and 502, 29 U.S.C. 1109 and 1132.

8.      This Court has personal jurisdiction over Defendants in that they are located, and regularly transact business, in New York City, New York pursuant to ERISA 502(e)(1), 29 U.S.C. 1132(e)(1).

9.      Venue of this action properly lies in the Southern District of New York pursuant to 28 U.S.C. 1391(b), and ERISA 502(e)(2), 29 U.S.C. 1132(e)(2) because the Southern District of New York is the place where the Plan is administered, where the breach took place, and where Defendants reside and can be found.

-2-

#2781227

## FACTUAL BACKGROUND

10.     Ms. Ngai was employed by PATS as a bookkeeper commencing January 1982.

11.     From inception of her employment, Ms. Ngai was advised that in addition to compensation in the form of salary and other benefits, she would be a participant in the Plan.

12.     Ms. Ngai became and remains a Participant of the Plan.

13.     The Plan provided that in the event a participant was employed for 10 years or more from the effective date of the plan (Jan. 1, 1980), that participant would be fully vested in her allocated share of the Plan.

14.     From time to time during the term of Ms. Ngai's employment, she received notification of the amounts held in the Plan's pension and profit sharing plans for her benefit.

15.     On or about September 8, 2004, upon information and belief, Ms. Ngai had a fully vested entitlement to $98,598.88 in the profit sharing plan and $79,972.89 in the pension plan, for a total of $178,571.76.  The allegation is based upon information and belief because Ms. Ngai has not received annual statements since 1998, as the Plan requires.

16.     On or about March 15, 2006, Ms. Ngai inquired as to her pension benefits.

17.     In response, Ms. Ngai was told to pack up her belongings and to leave the office, as she was being terminated.

18.     By terminating Ms. Ngai's employment in response to an inquiry about her pension benefits, PATS fired her, discriminated against her, and/or prevented her from obtaining a pension benefit or exercising her rights under ERISA.

19.     Ms. Ngai was and is fully vested in her allocated share of the Plan.

-3-

20.    On or about May 31, 2006, through her attorneys, Ms. Ngai made a written request of the Trustee and Administrator of the Plan for her benefits and/or confirmation of her benefits under the Plan.  In the same letter, Ms. Ngai also requested an inspection of and copies of Plan documents, offering to pay the costs of duplication.

21.    On or about June 14, 2006, PATS sent a letter that was non-responsive to Ms. Ngai's request for her benefits, confirmation of her benefits, and documents.

22.    On or about June 21, 2006, through her attorneys, Ms. Ngai made a further written request of the Board of Directors of the PATS for her benefits and/or determination of her benefits under the Plan.  In the same letter, Ms. Ngai again requested an inspection of and copies of Plan documents, offering to pay the costs of duplication.

23.    On or about June 29, 2006, PATS sent a letter that was non-responsive to Ms. Ngai's requests for her benefits and confirmation of her benefits.  PATS also did not provide Ms. Ngai with copies of the Plan documents.

24.    More than 30 days have elapsed since Ms. Ngai requested information and materials concerning the Plan.  To date, she has not received any materials responsive to her request, purportedly because PATS' accountant is on vacation.

## COUNT ONE

25.    Ms. Ngai repeats and realleges the allegations contained in the preceding paragraphs as if those paragraphs were set forth at length herein.

26.    PATS, as administrator of the Plan and Ms. Ngai's employer, was required to provide Ms. Ngai with her benefits, an accounting of her benefits, a copy of all documents and other information relating to the Plan, and a copy of the summary annual report of the Plan.

-4-

#2781227

27.     Notwithstanding Ms. Ngai's demand, PATS has not accounted to Ms. Ngai for monies, funds, and properties held for the benefit of Ms. Ngai directly, or indirectly, in its pension and profit sharing plans.

28.     There are monies due to Ms. Ngai in an amount no less than  $178,571.76 as a result of her fully vested interest in the Plan.

29.     Through its wrongful actions, PATS and the Plan have caused Ms. Ngai to sustain damages.

**COUNT TWO**

30.     Ms. Ngai repeats and realleges the allegations contained in the preceding paragraphs as if those paragraphs were set forth at length herein.

31.     PATS is a fiduciary with respect to the Plan within the meaning of ERISA 3(21)(A) and 29 U.S.C. 1002(21)(A), in that it had discretionary authority and discretionary responsibility to administer the Plan and exercised discretionary authority and discretionary control in managing the assets of the Plan.

32.     PATS has breached its fiduciary obligations under the Plan, including but not limited to its duty of loyalty, by failing to discharge its duties solely in the interests of the participants and beneficiaries of the Plan, and by failing to discharge their obligations in accordance with the documents and instruments governing the Plan, in violation of ERISA 404(A) and (D), 29 U.S.C. 1104(A) and (D).

33.     As a direct and proximate result of the aforesaid breaches of fiduciary duties, Ms. Ngai has suffered damages.

**DEMAND FOR JUDGMENT**

WHEREFORE, Ms. Ngai demands judgment in her favor against Defendants:

#2781227

(a)     Adjudging and declaring that PATS breached the terms of the Plan as well as the provisions of ERISA which require that it properly administer the terms of the Plan in accordance with its written provisions;

(b)     Ordering PATS to pay Ms. Ngai all benefits due to her under the Plan plus accrued interest;

(c)     Requiring PATS, as Plan administrator, to provide materials concerning the Plan that Ms. Ngai requested and to pay the daily statutory fee until Ms. Ngai receives such materials;

(d)     Awarding compensatory damages and civil penalties;

(e)     Awarding prejudgment interest;

(f)     Awarding punitive damages;

(g)     Awarding costs of suit, including reasonable attorneys' fees; and

(h)     Granting such other and further legal and equitable relief as the Court deems equitable and just.

WILENTZ, GOLDMAN & SPITZER
A Professional Corporation
Attorneys for Plaintiff
Mee J. Ngai

BY: _____
WILLARD C. SHIH

Dated:  August 11, 2006

-6-

#2781227